# EXHIBIT A

CSC

null / ALL
**Transmittal Number: 31433912**
**Date Processed: 05/16/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Paula Dixon vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Paula Dixon vs. Lowe's Home Centers, LLC (17097011) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Horry County Court of Common Pleas, SC |
| **Case/Reference No:** | 2025-CP-26-04024 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 05/14/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Morgan & Morgan, PA<br>843-973-5196 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF HORRY**<br><br>Paula Dixon,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, and John Doe,<br><br>Defendants. | **IN THE COURT OF COMMON PLEAS**<br>**FIFTEENTH JUDICIAL CIRCUIT**<br>**CASE NO: 2025-CP-________**<br><br>**SUMMONS**<br>(Jury Trial Requested) |

**TO: THE ABOVE-NAMED DEFENDANTS AND THEIR ATTORNEYS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, which is herewith served upon you, or to otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscribers at their office, 11915 Plaza Drive, Suite 301, Murrells Inlet, South Carolina 29576, or to otherwise appear and defend the action pursuant to applicable court rules, within thirty (30) days after service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of such service; and if you fail to answer the Complaint or otherwise appear and defend within the time aforesaid, the Plaintiff in this action will apply to the Court for relief demanded therein and judgment by default will be rendered against you for the relief demanded in the Complaint.

**YOU WILL ALSO TAKE NOTICE** that pursuant to Rule 53(b) of the South Carolina Rules of Civil Procedure, as amended effective September 1, 2002, the Plaintiff will move for a general Order of Reference to the Master in Equity for Horry County, which Order shall, pursuant to Rule 53(b) of the SCRCP, specifically provided that the said Master in Equity is authorized and empowered to enter a final judgment in this action.

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

**MORGAN & MORGAN, PA**

s/Joseph S. Sandefur
Joseph S. Sandefur, Esquire - SC Bar # 75310
Brandon J. Boyle, Esquire - SC Bar # 106061
11915 Plaza Drive, Suite 301
Post Office Box 3530
Murrells Inlet, South Carolina 29576
Phone: (843) 973-5196 Fax: (843) 973-5221
jsandefur@forthepeople.com
brandon.boyle@forthepeople.com
ATTORNEYS FOR PLAINTIFF

May 8, 2025
Murrells Inlet, South Carolina

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF HORRY**<br><br>Paula Dixon,<br><br>Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC, and John Doe,<br><br>Defendants. | **IN THE COURT OF COMMON PLEAS**<br>**FIFTEENTH JUDICIAL CIRCUIT**<br>**CASE NO: 2025-CP-________**<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

NOW COMES Plaintiff, by and through the undersigned counsel, complaining of the above-named Defendants, alleges unto this Honorable Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Plaintiff Paula Dixon,is a citizen and resident of the County of Horry, State of South Carolina.

2. Defendant Lowe's Home Centers, LLC, (hereinafter "Defendant Lowe's") is a limited liability company organized and existing under the laws of the State of North Carolina and maintains agents and servants in the County of Horry, State of South Carolina for the purpose of carrying on its business.

3. Upon information and belief, Defendant John Doe is a citizen and resident of the State of South Carolina who worked for and was the agent and employee of Defendant Lowe's. The doctrine of respondent superior is applicable, and Defendant Lowe's is liable for the grossly negligent/negligent acts of its agent/employee Defendant John Doe.

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

4. Defendant Lowe's owns, operates, manages, and/or maintains the Lowe's Home Improvement store located at 214 U.S. Highway 17 North, North Myrtle Beach, South Carolina 29582.

5. The acts and omissions complained of and the injuries that resulted occurred at Defendant Lowe's store located in the County of Horry, State of South Carolina.

6. The parties and subject matter contained herein are within this Court's jurisdiction.

7. Venue is proper because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in the County of Horry, State of South Carolina.

**FACTS**

8. On or about March 10, 2025, Plaintiff arrived at Defendant Lowe's store for the purpose of purchasing merchandise.

9. As Plaintiff was walking in an aisle at Defendant Lowe's store and viewing the shiplap on display, a piece of wood suddenly and without warning fell from a shelf above and struck Plaintiff in the head.

10. Defendants were responsible for securing the subject piece of wood which included but was not limited to, ensuring the safety chain was fastened across the shelf. Defendants failed to maintain, secure and attend to the dangerous condition on the premises.

11. By reason and as a consequence of the aforesaid acts and/or omissions of Defendants, Plaintiff was struck in the head by a piece of wood and sustained serious personal injuries.

12. As a result of these injuries, Plaintiff has incurred, and will continue to incur in the future, medical treatment and expenses, and has suffered and will continue to suffer in the future,

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

physical and mental pain and suffering, permanent disability and impairment, emotional anguish, and a loss of enjoyment of life.

**FIRST CAUSE OF ACTION**
(Negligence)

13. The allegations contained in Paragraphs 1 through 12 are incorporated herein by reference as fully as if set forth herein verbatim.

14. Plaintiff was an invitee at all times while on Defendant Lowe's premises.

15. Defendants owed a duty to warn Plaintiff of hidden dangers of which Defendants knew, should have known, or in the exercise of reasonable inspection of the premises could have known.

16. Defendants further owed the duty to have the premises in a reasonably safe condition and give warning of latent or concealed perils. Defendants owed a duty of due care to discover risks and take safety precautions to warn of or eliminate foreseeable risks. Plaintiff was entitled to expect Defendants would take reasonable care to know the actual condition prevailing at the time she was on the premises and make those conditions safe.

17. Defendants had actual or constructive notice of the hazard which Plaintiff encountered through no fault of her own.

18. Defendants were negligent, grossly negligent, wanton, reckless, and breached their duties to Plaintiff in the following particulars:

a. Failing to maintain the premises;

b. Failing to exercise due care in the design, construction and maintenance of the condition at issue;

c. Failing to properly train its employees;

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

d. Failing to properly supervise its employees;

e. Failing to develop proper safety protocols;

f. Failing to properly enforce safety protocols;

g. Failing to do what a reasonable person or entity would have done under similar circumstances;

h. Failing to place signs in a conspicuous place and manner to warn Plaintiff;

i. Failing to warn of the dangerous and concealed condition;

j. Failing to take action to correct known problems;

k. Failing to secure the subject piece of wood;

l. Failing to fasten the safety chain across the shelf;

m. Failing to inspect the premises; and

n. In such particulars as may be found through discovery or trial.

All of which were the direct and proximate cause of the damages and injuries suffered by Plaintiff herein, said acts being in violation of the statutory and common law of the State of South Carolina.

**DAMAGES**

19. As a direct and proximate result of the aforesaid negligent, grossly negligent, careless, and reckless acts and omissions of Defendants, Plaintiff suffered from severe debilitating injuries including but not limited to:

a. Physical pain;

b. Suffering;

c. Mental anguish;

d. Emotional distress;

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

e. Permanent impairment of health and body efficiency;

f. Loss of enjoyment of life;

g. Increased susceptibility to future injury;

h. Substantial expenses for medical services;

i. Substantial expenses for future medical services;

j. Such other particulars as may be found through discovery or trial.

20. Plaintiff had no knowledge or reason to suspect danger with regard to the defect contained on the premises. In addition, Plaintiff exercised ordinary care for herself at all times.

21. Defendants are liable, jointly and severely, to Plaintiff, and she is entitled to actual and punitive damages as well as all other relief that may be proper.

WHEREFORE, Plaintiff prays to this Honorable Court that she may recover judgment against Defendants as follows:

a. For actual and punitive damages in an amount to be determined by the trier of fact; and

b. For such other and further relief as this Honorable Court may deem just and proper.

**DEFENDANT AND ITS ATTORNEY ARE HEREBY NOTIFIED THAT PLAINTIFF HAS SERVED INTERROGATORIES AND REQUESTS FOR PRODUCTION WITH THE SUMMONS AND COMPLAINT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER RULES 33(a) & 34 (b), SCRCP. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, HE/SHE IS ADVISED TO CONTACT PLAINTIFF'S COUNSEL IMMEDIATELY TO OBTAIN.**

***[Signature page to follow]***

ELECTRONICALLY FILED - 2025 May 08 12:14 PM - HORRY - COMMON PLEAS - CASE#2025CP2604024

**MORGAN & MORGAN, PA**

s/Joseph S. Sandefur
Joseph S. Sandefur, Esquire - SC Bar # 75310
Brandon J. Boyle, Esquire - SC Bar # 106061
11915 Plaza Drive, Suite 301
Post Office Box 3530
Murrells Inlet, South Carolina 29576
Phone: (843) 973-5196 Fax: (843) 973-5221
jsandefur@forthepeople.com
brandon.boyle@forthepeople.com
ATTORNEYS FOR PLAINTIFF

May 8, 2025
Murrells Inlet, South Carolina